Filed 5/9/23  P. v. Jones CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ANTWION JONES,<br><br>        Defendant and Appellant. | B321823<br><br>(Los Angeles County<br>Super. Ct. No. TA083201) |

THE COURT:

On May 23, 2007, defendant and appellant Antwion Jones was convicted after a jury trial of murder (Pen. Code, § 187, subd. (a); count 1),[1] attempted murder (§§ 664/187, subd. (a); count 2), and two counts of possession of a firearm by a felon, resulting in great bodily injury or death (§ 12022.53, subd. (d); counts 3 & 4). He was sentenced to a term of 75 years to life

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

on count 1 and 39 years to life on count 2, to be served consecutively, in state prison. His sentences on counts 3 and 4 were stayed pursuant to section 654.

On May 24, 2022, defendant filed a petition for resentencing pursuant to former section 1170.95.[2]

The trial court denied defendant's motion on June 10, 2022, reasoning: "[T]he court file reflects that [defendant] was the actual killer and was not convicted under a theory of felony murder of any degree or a theory of natural and probable consequences. There are no jury instructions for aiding and abetting, felony murder, or natural and probable consequences." Defendant timely filed a notice of appeal.

Appointed counsel filed a brief raising no issues and asking this court to conduct an independent review of the record pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496.

Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, and issues for review expanded Oct. 27, 2021, S264278; see *People v. Serrano, supra*, 211 Cal.App.4th at p. 503.) However, we do review any contentions or arguments made if the defendant files his own supplemental brief or letter. (*People v. Cole, supra*, at p. 1039.)

---

**2** Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For simplicity, we refer to the section by its new numbering.

On January 27, 2023, we sent a notice to defendant stating the following: "Counsel appointed to represent appellant on appeal has filed a brief that raises no issues. ([*People v. Serrano*, *supra*, 211 Cal.App.4th 496].) [¶] Appointed counsel is directed to send the record of this appeal and a copy of appellant's brief to appellant immediately. Within 30 days of the date of this notice, appellant may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments that appellant wishes this court to consider. If no[] supplemental brief is timely filed, the court may dismiss the appeal as abandoned."

To date, defendant has not filed a supplemental brief.

An appeal from the denial of a section 1172.6 petition "does not implicate a constitutional right to counsel[.]" (*People v. Delgadillo* (2022) 14 Cal.5th 216, 222 (*Delgadillo*).) Accordingly, when counsel finds no arguable issues in such an appeal, we are not required to conduct an independent review of the record as set out in *People v. Wende* (1979) 25 Cal.3d 436. (*Delgadillo*, *supra*, at p. 222.) Rather, the California Supreme Court recently prescribed the following procedures: "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter. [Citations.]

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a

written opinion.  The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues.  [Citations.]  If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned.  [Citation.]  If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter.  [Citation.]  While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal.  [Citations.]" (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)

Because neither defendant nor appellate counsel identified an issue warranting reversal, we treat the appeal as abandoned.   Defense counsel's motion to withdraw as attorney of record is moot.

### DISPOSITION
The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

ASHMANN-GERST, Acting P. J.  CHAVEZ, J.   HOFFSTADT, J.

4